NO. 07-08-00358-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2010

HENRY BALTAZAR, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,264; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant Henry Baltazar Jr. appeals from his conviction of the offense of aggravated assault with a deadly weapon[1] and the resulting sentence of fifty-five years of imprisonment. Via his sole issue, appellant contends the evidence presented at trial was factually insufficient. We will affirm the judgment of the trial court.

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(2) (Vernon 2007). The indictment also included an enhancement paragraph setting forth appellant's previous final felony conviction. Appellant plead "true" to the enhancement, making his conviction punishable as a first degree felony. *See* Tex. Penal Code Ann. § 12.42 (Vernon 2003).

Background

Trial testimony showed that appellant administered a beating to his girlfriend during an argument. Among her injuries, the most serious were fractures of bones in her face. The jury found appellant guilty of aggravated assault with a deadly weapon, and assessed punishment as noted. This appeal followed.

Analysis

A factual sufficiency review begins with the assumption that the evidence is legally sufficient under *Jackson v. Virginia*.[2] *Laster v. State,* 275 S.W.3d 512, 518 (Tex.Crim.App. 2009). Evidence can be deemed factually insufficient in two ways: (1) the evidence supporting the conviction is "too weak" to support the factfinder's verdict, or (2) considering conflicting evidence, the factfinder's verdict is "against the great weight and preponderance of the evidence." *Laster,* 275 S.W.3d at 518; *see Watson v. State,* 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000) (setting forth same standard).

Under the variant of the offense of aggravated assault with which appellant was charged, his guilt required the State to prove: (1) he intentionally, knowingly or recklessly; (2) he caused bodily injury to the victim; (3) he used or exhibited his hand during the commission of the assault; and (4) that appellant's hand, in the manner of its use or intended use, was capable of causing death or serious bodily injury. Tex. Penal Code Ann. §§ 22.01(a)(1) (Vernon 2007); 22.02(a)(2) (Vernon 2005).

---

[2] 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

As we understand appellant's position on appeal, he does not challenge the sufficiency of the evidence that, with the required culpable mental state and using his hand, he caused bodily injury to his girlfriend. With respect to the final element, that establishing his use of a deadly weapon, appellant appears to take the position the State was required to prove the injuries he inflicted on her constituted serious bodily injury.[3] Appellant's argument is to the effect that the victim's injuries did not meet the definition of serious bodily injury. The State, while not conceding that the victim's injuries were less than serious bodily injury, points out that its burden in this case simply was to prove that appellant used his hands in a manner capable of causing death or serious bodily injury. The State is correct. Tex. Penal Code Ann. § 1.07(17)(B) (Vernon 2003); *Tucker v. State,* 274 S.W.3d 688, 691 (Tex.Crim.App. 2008); *Petruccelli v. State,* 174 S.W.3d 761, 770 (Tex.App.–Waco 2005, pet. ref'd), *cert. denied,* 549 U.S. 839, 127 S.Ct. 106, 166 L.Ed.2d 66 (2006).

As appellant concedes, hands may be deadly weapons based on their manner of use or intended use and their capacity to produce death or serious bodily injury. *Petruccelli,* 174 S.W.3d at 770, *citing Turner v. State,* 664 S.W.2d 86, 90 (Tex.Crim.App. 1983) (panel op.) and *Vela v. State,* 159 S.W.3d 172, 182 (Tex.App.–Corpus Christi 2004, no pet.). Injuries suffered by the victim can alone be a sufficient basis for inferring that a deadly weapon was used. *See Jaramillo v. State,* No.

---

[3] "Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex. Penal Code Ann. § 1.07(8) (Vernon 2003). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Tex. Penal Code Ann. § 1.07(46) (Vernon 2003).

07-08-0148-CR, 2009 Tex.App. LEXIS 1781, at *7 (Tex.App.–Amarillo Mar. 13, 2009, no pet.); *Tucker,* 274 S.W.3d at 691-92.[4]

Testimony at trial showed appellant's beating left his girlfriend with a bloody nose, bruises on her arm and abrasions on her legs and back. After he hit her in the face with his fist, she was briefly unconscious. The record contains her characterization of his actions as "swinging hard." She described symptoms of pain, numbness, headaches, double vision and blurriness in her left eye. The CAT scan ordered by the emergency room physician showed what he described in testimony as a "tripod fracture," involving fractures to three bones near the eye. The physician told the jury that type of facial injury is a serious injury carrying risk of loss of vision through rupture or dislocation of the eye. He agreed that such loss of vision could be a protracted loss or impairment of the function of a bodily member or organ. The physician and a Lubbock police officer both agreed with the prosecutor that a hand used in the manner it was here could be a deadly weapon, capable of causing serious bodily injury. *See Tucker,* 274 S.W.3d at 692 (police officer as expert witness with respect to deadly weapon).

We find the evidence that during his assault of his girlfriend appellant used his hand in a manner capable of causing serious bodily injury to her was not too weak to support the jury's deadly weapon finding. Appellant points to evidence she never had

---

[4] *Compare Purdy v. State,* No. 07-09-00058-CR, 2010 Tex.App. LEXIS 4955 (Tex.App.—Amarillo June 29, 2010, no pet.) (evidence insufficient for deadly weapon finding as there was no description of injuries to the victim and knife was not entered into evidence and was inadequately described).

4

surgery to repair the fractures and that at the time of trial she had not experienced any of the more serious potential consequences of her injuries.[5]  As the Court of Criminal Appeals noted in *Tucker*, the finding a defendant used a deadly weapon is not precluded simply because the victim is fortunate enough not to suffer the full range of potential consequences.  The question is appellant's use of his hand in a manner *capable* of causing serious bodily injury.  274 S.W.3d at 692.  The evidence to which appellant points does not render the jury's verdict against the great weight and preponderance of the evidence.  *Laster,* 275 S.W.3d at 518.  We find the evidence factually sufficient to support the jury's verdict, overrule appellant's sole issue on appeal and affirm the judgment of the trial court.


James T. Campbell
Justice



Publish.

---

[5] The States notes, however, the victim's testimony that pain in her left eye "comes and goes," and her testimony she did not return to the plastic surgeon for the recommended surgery because she had no insurance.