NO. 07-12-0044-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 29, 2012

 SIMON FRANCIS, JR.,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY;

 NO. 50,898-A; HONORABLE ROBERT P. BROTHERTON, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Simon Francis, Jr. pled guilty to two counts of robbery but went to trial before the court on
whether the robbery was aggravated. The trial court found that it was, convicted him of both counts
of aggravated robbery, and sentenced him to seventy-five years in prison on each count. Appellant
now argues that the evidence is insufficient to find that the robbery was aggravated as alleged in
the indictment. We affirm.
 According to the record, appellant, “a large man,” attacked two ladies who were over fifty
years old. The two ladies were working at a retail establishment at the time. The first to be
attacked was Litteken. Appellant entered the store, struck her with his fist or hand, rendered her
momentarily unconscious, placed his arm around her throat, squeezed harder when she attempted to
scream, carried her by the waist into a back room, and shoved her away upon spying his second
victim. The latter, Robey, was working in the back room when appellant entered with Litteken. At
that point, appellant picked up an object and hit Robey with such force so as to break her nose and
the crowns of two teeth. The blow also impaired Robey’s vision, which impairment continued through
the time of trial.
 Via the two counts in the indictment, the State accused appellant of aggravated robbery. The
first count involved the attack upon Litteken; in committing the robbery he allegedly used or
exhibited a deadly weapon, i.e. “his arms and hands, that in the manner of their use or intended use
were capable of causing death or serious bodily injury.” The second count involved the attack upon
Robey. Not only was appellant accused of aggravated robbery by causing her serious bodily injury
but also by using or exhibiting a deadly weapon during the attack, i.e. “an unknown object [that] in
the manner of its use or intended use was capable of causing death or serious bodily injury.”
Appellant would have us conclude that the evidence of record failed to establish any of the
aforementioned means by which the robbery was aggravated. We overrule the issues.
 A deadly weapon is “anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.” Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2012).
This definition does not require the State to prove that anyone actually died or suffered serious
bodily injury or that the accused intended to cause serious bodily injury. Quincy v. State, 304
S.W.3d 489, 500 (Tex. App.–Amarillo 2009, no pet.); accord Baltazar v. State, 331 S.W.3d 6, 8 (Tex.
App.–Amarillo 2010, pet. ref’d). Rather, it need only prove that the weapon in question was capable
of causing serious bodily injury in the way it was used or intended to be used. Baltazar v. State,
331 S.W.3d at 8. Next, serious bodily injury is bodily injury “that creates a substantial risk of
death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the
function of any bodily member or organ.” Tex. Penal Code Ann. § 1.07(a)(46) (West Supp. 2012).
 Regarding appellant’s use of deadly weapons, we note the concession in appellant’s brief that
he was a “large” man. Furthermore, both his victims were older females. In addition to being
large, he was also quite strong, given his ability to knock out Litteken with one blow, leave her
with a concussion due to the single blow, carry her around by her waist, and hit Robey with an
object of sufficient force to break crowns and her nose. That he also placed his arm around
Litteken’s throat and squeezed tighter when she attempted to yell says much as well. According to a
physician witness, a chokehold could “either close the airway long enough for the patient to suffer
serious bodily injury or death” or fracture the larynx. Simply put, there was and is some evidence
of record enabling a rational factfinder to conclude, beyond reasonable doubt, not only that the
manner of use or intended use of appellant’s hands and arms against Litteken were capable of causing
death or serious bodily injury but also that the manner of use or intended use of the object which
struck Robey was capable of the same. See Baltazar v. State, 331 S.W.3d at 8-9 (finding the
evidence sufficient to sustain a conviction for aggravated assault with a deadly weapon when the
complainant suffered a bloody nose, bruises, abrasions, double vision, pain, a headache, blurriness,
was briefly unconscious, and a doctor testified that the facial injury was serious).
 As for inflicting serious bodily injury upon Robey, her broken crowns, coupled with her broken
nose and continued visual impairment were ample evidence to allow a rational factfinder to conclude
that the bodily injury she suffered involved, at the very least, “protracted loss or impairment of
the function of [a] bodily member or organ.” So, the evidence was sufficient to prove that aspect
of aggravation as well. Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980) (finding a
broken nose serious bodily injury on the day it was inflicted even though the effects were later
ameliorated by medical treatment).
 Accordingly, the judgments are affirmed.

 Per Curiam
Do not publish.